*474 OPINION.
Siefkin:
At the hearing counsel for the respondent moved for a dismissal of the petition in so far as it relates to the year 1917, on the ground that no deficiency as to that year was asserted in the letter of November 4, 1925. However, by reference this letter incorporates the letter of March 2, 1925, in which the respondent rejected the petitioner’s claim for abatement of 1917 taxes. The letter of March 2, 1925, does not purport to be a final determination, but is the ordinary 30-day letter. The letter of November 4, 1925, was the respondent’s final determination that the petitioner’s claim for abatement would be rejected and it is, therefore, the basis of an appeal to this Board. The motion is therefore denied.
*475 The petitioner contends that the 1917 deficiency is barred from collection.
Section 277 (a) (2) of the Revenue Act of 1924 provides: -
Sec. 277. (a) Except as provided in sectioú 278 and subdivision (b) of section 274 and in subdivision (b) of section 279—
*******
(2) Tbe amount of income, excess-profits, and war-profits taxes imposed by tbe Act entitled '‘An Act to provide revenue, equalize duties, and encourage tbe industries of tbe United States, and for other purposes,” approved on August 6, 1909, (be Act entitled “An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes,” approved October 3, 1913, the Revenue Act of 1916, tbe Revenue Act of 1917, tbe Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed and no proceeding in court for tbe collection of such taxes shall be begun after the expiration of such period.
Section 278 (c) and (d) of the Revenue Act of 1§24 provides:
(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.
(d) AVhere the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.
The petitioner showed that the return for 1917 was filed between March 28, and March 30,1918, but there is no evidence to show when the assessment was made. Upon whom is the burden of showing this fact? In Farmers Feed Co., 10 B. T. A. 1069, we held that, where the petitioner makes a prima facie showing that the collection of a deficiency is barred, the burden of proving any exception which would remove the case from the operation of the statute is on the respondent. The petitioner has shown that the return was filed on a certain date, that the five years have elapsed and that collection has not been made. This is a prima facie showing that collection is barred, since section 277 of the Revenue Act of 1924 provides that no collection can be had after five years after the return was filed. Section 278 provides that collection may be made if the assessment was made within the five-year period. If in this case the assessment was so made, the burden of proving this exception is upon the respondent, and he has failed to present such proof.
A written instrument was entered into by the petitioner and the respondent, on January 30, 1924, purporting to extend the time for determination, assessment and collection of 1917 taxes for a period of one year after the date signed by the petitioner. However, at the *476 time the instrument was signed, the statutory period of five years applicable to 1917 taxes, as stated in the Revenue Act of 1921, had expired. •
The petitioner contends that, in order to extend the time within which assessment may be made, the consent in writing must be entered into before the expiration of the statutory period. The Court of Appeals of the District of Columbia so held on December 3, 1928, in Joy Floral Co. v. Commissioner of Internal Revenue, 29 Fed. (2d) 865, but the facts in that case indicate clearly that the parties were acting under a mistake of fact. No such facts appear in this case and we have held, in Wells Brothers Construction Co., 16 B. T. A. 79, that under such circumstances collection is not barred.
We must hold that the collection of the taxes for 1917 is not barred.
The return for 1918 was filed on April 24, 1919. On January 30, 1924, the parties entered into a consent in writing to a determination, assessment and collection of taxes at any time within a year thereafter. On January 27, 1925, they entered into a consent in writing to a later assessment of the tax. This instrument provided that it should be in effect until December 31, 1925. By letter dated November 4, 1925, the respondent notified petitioner of a deficiency for the year 1918, and this letter was the basis of this appeal. Assessment and collection are not barred, since the consents in writing acted to prolong the time within which assessment might be made and the Revenue Act of 1924 provides six years for collection after the assessment has been made.
The petitioner contends that the respondent erred in holding that the profits tax, as computed under the provisions of section 301 of the Revenue Act of 1918, is not in excess of the average profits tax “paid in by a group of representative concerns,” and in failing to hold that the petitioner’s case for the year 1918 came within the provisions of section 327 (a) or (c) of the Revenue Act of 1918. However, the petitioner has failed to adduce evidence to show any abnormality entitling it to special assessment or to show that it is impossible to determine its invested capital for the year 1918. It was shown that a mixed aggregate of tangible and intangible property was paid in to it at organization, but it was not shown that it is impossible to determine the respective values thereof. In the absence of such proof the respondent’s denial of special assessment will be upheld. It follows that the respondent did not err in failing to compare the petitioner with representative concerns as provided in section 328 of the Revenue Act of 1918.
The petitioner contends that the respondent did lot allow in invested capital the fair value of intangible property acquired by petitioner for stock. However, there ⅛ insufficient evidence to determine *477 the value of such intangible property, and the respondent’s holding ■will not be disturbed.
The petitioner also alleges that the respondent erred, in determining its war-profits credit for 1918, in deducting from the prewar income the salary of Frank E. Harris for which no services were rendered. However, the record does not show what the respondent did in this respect and his holding will not be disturbed.

Judgment will be entered vmder Bule 60.